**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

JASON DARNELL MOBLEY,              )
                                   )
       Plaintiff,         )
                                   )
       v.                 )          1:17cv116
                                   )
GUILFORD CO. PROBATION,            )
et al.,                            )
                                   )
       Defendants.        )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action.

**LEGAL STANDARD**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining

relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal quotation marks omitted). In determining frivolousness, the Court may "apply common sense." Nasim, 64 F.3d at 954.

As to the second ground, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis

added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for damages.

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under the Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy" (internal quotation marks omitted)).

## **INTRODUCTION**

Asserting jurisdiction pursuant to "42 U.S.C. § 1983" (Docket Entry 2 at 1), Plaintiff initiated this action against three defendants: (1) "B. Henderson, Probation Officer" ("Officer Henderson"), (2) "R. Stone, Probation Officer" ("Officer Stone," and collectively with Officer Henderson, the "Officer Defendants"), and (3) "Guilford Co. Probation" (collectively with Officer Defendants, the "Defendants") (id. at 1-2). The Complaint's statement of claim states in its entirety:

> While being [i]nvalidly [i]ncarcerated and held in captivity since October 31, 2013 and it [was] discovered [that] there w[as] no due process in my [r]egards. On December 6, 2013 the Guilford Co. Probation Department issued a complaint for Felony Probation Violation dated 12-18-12 and [s]erved 1-8-13 for an offense 10-31-12 along with the [i]ncompetence of the Court Services Bureau these Probation offense[s] were to justify this lengthy confinement with no merit. These charges were

-4-

also dismissed on February 4, 2014 by a Superior Court Judge in chambers.

(Id. at 2.) The Complaint further requests $10 million in punitive damages for Plaintiff's "Invalid Felony Probation Violation." (Id. at 3.)[2]

**DISCUSSION**

**I. Guilford Co. Probation**

As an initial matter, Guilford Co. Probation does not qualify as a "person" subject to suit under 42 U.S.C. § 1983. In that regard, to state a claim for relief under Section 1983, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).[3]

---

[2] Plaintiff attached a variety of documents to his Complaint. (See Docket Entry 2 at 4-9.) The undersigned Magistrate Judge has considered the Complaint in conjunction with each of the attached documents for purposes of this Section 1915(e)(2) review. See, e.g., Anderson v. Miller, Civ. Action No. 0:08-743, 2008 WL 5100845, at *1 n.2, *4 (D.S.C. Dec. 2, 2008) (construing the plaintiff's pro se complaint and attached documents together when deciding whether the action failed to state a claim for relief under 28 U.S.C. § 1915(e)(2)).

[3] Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to

"Buildings and correctional institutions, like sheriff's departments and police departments, are not usually considered legal entities subject to suit." Evans v. City of Sumter, S.C., Civ. Action No. 3:07-2688, 2008 WL 4177225, at *3 (D.S.C. Sept. 3, 2008) (concluding that "the [Sumter City Police Department] is not a 'person' subject to suit under § 1983"). In other words, Plaintiff must raise his Section 1983 claims "against a 'person'" capable of committing a violation of his constitutional rights. Conley v. Ryan, 92 F. Supp. 3d 502, 519 (S.D. W. Va. 2015) (quoting 42 U.S.C. § 1983). Because Guilford Co. Probation does not qualify as a person amenable to suit under § 1983, the Court should dismiss any claims against Guilford Co. Probation with prejudice. See Anderson v. Dauphin Cty. Adult Prob. Office, No. 1:15-CV-878, 2016 WL 769278, at *5, 10 (M.D. Pa. Jan. 25, 2016) (recommending dismissal with prejudice of complaint against county probation office because, in part, it "is not a 'person' amenable to suit under § 1983"), recommendation adopted, 2016 WL 759162, at *1 (M.D. Pa. Feb. 26, 2016).

**II. Officer Defendants**

With respect to Officer Defendants, (1) eleventh-amendment immunity bars Plaintiff's claims for monetary relief against them

---

> the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

in their official capacities, (2) the Complaint fails to state a claim for relief against Officer Defendants as it does not allege that either of them violated Plaintiff's constitutional rights, and (3) Plaintiff cannot utilize a Section 1983 action to challenge any conviction or resulting term of incarceration he may have received for his felony probation violation.

First, to the extent Plaintiff seeks money damages from Officer Defendants in their official capacities, eleventh-amendment immunity bars such claims. See Gilmore v. Bostic, 659 F. Supp. 2d 755, 763-64 (S.D. W. Va. 2009) (holding that the "plaintiff's claim for damages against [the probation officer defendant] in her official capacity must be dismissed on the ground that she is entitled to Eleventh Amendment immunity"). The Court should thus dismiss with prejudice Plaintiff's claims seeking monetary relief from Officer Defendants in their official capacities. See, e.g., Lawson v. Dauphin Cty. Work Release, No. 1:15-CV-2450, 2016 WL 6090758, at *8 (M.D. Pa. Sept. 15, 2016) (recommending dismissal with prejudice of the plaintiff's claims against the probation officer defendants in their official capacities "on Eleventh Amendment immunity grounds"), recommendation adopted, 2016 WL 6082127, at *1 (M.D. Pa. Oct. 18, 2016); see also Gregory v. Stephens, No. 3:14-cv-605, 2015 WL 149985, at *2-3 (W.D.N.C. Jan. 12, 2015) (holding that, "to the extent that [the defendant] is being sued in her official capacity as an assistant district

attorney for Mecklenburg County, the Eleventh Amendment bars [the p]laintiff's claims for damages").

Second, "[t]he mandated liberal construction afforded to *pro se* pleadings means that if the [C]ourt can <u>reasonably read</u> the pleadings to state a valid claim on which the [P]laintiff could prevail, it should do so." <u>Anderson v. Galvin</u>, Civ. Action No. 0:08-744, 2008 WL 4441940, at *2 (D.S.C. Sept. 29, 2008) (emphasis added). The Court must remain mindful, however, that it "may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the [P]laintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or 'conjure up questions never squarely presented' to the [C]ourt, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)." <u>Anderson</u>, 2008 WL 4441940, at *2.

In this case, the Complaint lists Officer Defendants as parties to this action (Docket Entry 2 at 2), but it does not even so much as mention them in any of its sections explaining Plaintiff's claims for relief (<u>see</u> <u>id.</u> at 2-3). Further, the Complaint's attached documents merely (1) show that Officer Henderson served as the complainant for Plaintiff's felony probation violation (<u>id.</u> at 4), and (2) assert that Plaintiff informed Officer Stone before he "was released from prison" of the

dismissal of his state-court drug charges (id. at 8; see also id. at 9 ("informing [Officer Stone] that [a]ll charges [were] dropped [and that Plaintiff] would like for [Officer Stone] to come release [him] so [that he] can get back to life and [his] respon[sibility] as [a] father")). Thus, even considered collectively, the Complaint and attached documents fail to establish a Section 1983 claim against Officer Defendants due to the lack of factual matter suggesting that Officer Defendants violated Plaintiff's constitutional rights. See American Mfrs. Mut. Ins. Co., 526 U.S. at 49 (requiring allegations of a "depriv[ation] of a right secured by the Constitution or laws of the United States" to state a Section 1983 claim); see also Jones v. Chandrasuwan, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights.").

Put another way, nothing in the record indicates in any way that Officer Defendants engaged in any violation of Plaintiff's constitutional rights in connection with the alleged "Invalid Felony Probation Violation," as remains necessary to state a plausible Section 1983 claim. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The Court should therefore dismiss this action against Officer Defendants for failure to state a claim under 28 U.S.C. § 1915(e)(2).

Third, to the extent Plaintiff grounds his Section 1983 claims in his conviction for felony probation violation and/or his resulting term of incarceration for such conviction, such claims fail unless Plaintiff can prove that the state court reversed, expunged, or declared invalid his conviction.[4]  Specifically, "[a] section 1983 plaintiff who seeks to recover damages for an unconstitutional conviction, imprisonment, or other harm caused by actions whose unlawfulness would render the conviction or sentence unlawful, must prove that the conviction or sentence has been reversed, expunged, or declared invalid."  Mack v. Fox, No. 1:07CV784, 2008 WL 4610029, at *2 (M.D.N.C. Oct. 15, 2008) (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)), recommendation adopted, slip op. (M.D.N.C. Mar. 26, 2009), aff'd, 328 F. App'x 257 (4th Cir. 2009).  Courts routinely apply Heck to probation revocations.  See id. (citing Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997)).  Accordingly, Plaintiff's Section 1983 claim fails under Section 1915(e)(2).  Should Plaintiff elect to re-file an action against Officer Defendants, he must remain mindful that

---

[4] Plaintiff attached a letter to his Complaint that he wrote to his civil attorney inquiring "how long [a] probation violation is[] for not paying off probation [fines] and [submitting a] dirty drug test" because, by Plaintiff's calculation, he should have only spent "90 days" in jail for such violation, but, as of the writing of that letter, Plaintiff "[had] been incarcerated 98 days . . . for [the] C.R.V. violation."  (Docket Entry 2 at 6.)

he cannot challenge a conviction for felony probation violation through a Section 1983 action.

## CONCLUSION

In sum, Guilford Co. Probation does not qualify as a "person" subject to suit under 42 U.S.C. § 1983, Plaintiff's claims for money damages against Officer Defendants in their official capacities constitute claims against the State, not a "person" as required under Section 1983, as construed in light of eleventh-amendment immunity principles, Plaintiff has failed to allege a plausible claim for relief against Officer Defendants, and Heck precludes Plaintiff from using a Section 1983 action to challenge a conviction for felony probation violation unless Plaintiff shows that the conviction qualified as invalid.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that Plaintiff's claim(s) against Guilford Co. Probation be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claim(s) for monetary relief against Officer Defendants in their official capacities be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claim(s) against Officer Defendants in their individual capacities be dismissed without prejudice.

                                                        /s/ L. Patrick Auld
                                                            **L. Patrick Auld**
                                     **United States Magistrate Judge**

April 20, 2017